### STATE v. ROBERTSON

#### (130 S. E., 212)

FALSE PERSONATION—CONSTABLE COLLECTING EXCESSIVE AMOUNTS AS POLL AND ROAD TAXES ON WARRANTS ISSUED BY MAGISTRATE HELD NOT GUILTY OF FRAUDULENTLY IMPERSONATING OFFICER.—Where Sheriff irregularly enlisted aid of county magistrate in collecting poll and road taxes of colored laborers in lumber camps, and delivered tax

receipts to magistrate, who issued warrants for nonpayment of poll taxes, which were delivered to magistrate's regular constable to be executed, *held,* constable collecting from persons named in warrants excessive amounts, part of which he appropriated to himself, was not guilty of fraudulently impersonating officer, in violation of Cr. Code 1922, § 66, though he may have been guilty of extortion.

Before TOWSEND, J., Colleton, Spring term, 1924. Reversed and remanded.

Heber Robertson was indicted for falsely representing himself to be an officer, and on conviction appeals.

*Mr. R. M. Jeffries,* for appellant, cites: *Indictment under* Sec. 66, Crim. Code, 1922. *Error to exclude evidence on cross-examination that defendant was Constable:* 91 S. C., 139; 56 S. C., 320; 35 S. C., 197; 25 S. C., 318; 16 S. C., 550. *Unwarranted exercise of authority is not false personation:* 25 C. J., 577, 578; 7 Tenn., 16; 124 S. W., 288. *Officer cannot construe validity of warrant:* 35 S. C., 555.

*Mr. Randolph Murdaugh, Solicitor,* for the State.

November 10, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Indictment and conviction of a violation of Section 66 of the Criminal Code, entitled, "Fraudulent Impersonation of Officers." Sentence to six months' imprisonment. The defendant appeals.

The fact appear to be as follows: In the fall of 1923, the Sheriff of Colleton County called to his assistance, in rounding up colored laborers in the lumber camps of the County, who were liable for polltax, and road tax, certain Magistrates of the County, to whom he delivered blank poll and road tax receipts. Magistrate Remley was located near the Thayer Mill, and, at the request of the defendant, the Sheriff delivered to him blanks to be turned over to the Magistrate for the purpose of enabling him to collect the taxes due by the laborers at that mill. Three of the laborers

at that time were on the chaingang in charge of one Bartow Robertson. At the request of the defendant, the captain of the chaingang furnished Magistrate Remley with a list of six convicts whose times were soon to expire, who, in his opinion, were liable for the taxes. On this list were the names of one Arthur Nimmons and two others who had been working at the mill. It appears that the Magistrate issued warrants for these laborers, but by mistake used the name of John Jenkins instead of Arthur Nimmons. He turned these warrants over to the defendant, who was his regular Constable, to be executed. The defendant looked up the parties and demanded the taxes for the year 1922, fixing the amounts due by each of the three, Nimmons and the two others, at $20.00, which he collected from them, but turned over to the Magistrate only about $18.00 of the $60.00 which he had collected; the balance he appears to have appropriated to his own use.

However irregular the conduct of the Sheriff may have been in delivering to the Magistrate blank receipts, or however irregular the warrants for the nonpayment of poll taxes, issued by Magistrate Remley, may have been, it was but natural for the defendant to assume that those in authority above him were acting within the law, and that his authority to collect the taxes would not be questioned. We do not think that under these circumstances he came within the terms of the statute which makes it a misdemeanor to "falsely assume or pretend to be an officer or employee acting under the authority of the Government, County, State or Municipal" to make a collection, with intent to defraud. He was an officer, and, therefore, he could not have falsely impersonated one; the fact that he may not have been legally authorized to make the collection, although armed with apparent authority, does not constitute the statutory offenses with which he was charged; and however guilty he may have been of extortion, obtaining money under false

pretences, or breach of trust with fraudulent intent, is another matter.                                                        ,

The defendant's motion for a directed verdict should have been granted.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for judgment in favor of the defendant under Rule 27.

MR. CHIEF JUSTICE GARY, MR. JUSTICE MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. JUSTICE WATTS dissents.

MR. ACTING ASSOCIATE JUSTICE R. O. PURDY (concurring) : .I concur in the opinion of Mr. Justice Cothran for the reasons as set forth in his opinion, but do not in any manner condone the unlawful act of the defedant.        .